## LEONARD SMITH v. CHARLES BURKHALTER.

APPEAL FROM JUSTICE; *Amount in Controversy; Question of Fact.* Where the only question is one of fact, whether the defendant in an action before a justice of the peace filed a bill of particulars claiming over twenty dollars, and upon that question the district court finds for the defendant, and dismisses the plaintiff's appeal, this court, unless in case of manifest error, will affirm such order of dismissal.

*Error from Doniphan District Court.*

SMITH sued *Burkhalter* before a justice of the peace. Trial before a jury, and verdict and judgment for defendant. *Smith* appealed, and the district court, at the March Term 1874, on motion of *Burkhalter*, dismissed the appeal, on the ground that there had been a jury trial, and that neither party claimed "in his bill of particulars a sum exceeding twenty dollars." From this order of dismissal plaintiff appeals to this court.

*Price & Seaver,* for plaintiff in error.

*W. D. Webb,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: We are asked in this case to reverse the finding of the district court upon a question of fact. That question arose in this way. Plaintiff sued defendant before a justice. His bill of particulars filed claimed twenty dollars. The case was tried by a jury, who brought in a verdict for defendant for one dollar. Plaintiff appealed to the district court, and there upon motion of defendant the appeal was dismissed upon the ground that it was an action tried by a jury in which neither party claimed in his bill of particulars more than twenty dollars. Plaintiff before the dismissal had moved for an order on the justice to correct his record by showing the filing of a bill of particulars by defendant. The motions were heard together, and the question was whether defendant did in fact file a bill of particulars. Several affidavits were read upon both sides. The district court found for the defendant, and we think correctly. Certain facts are undisputed, or proved beyond question: The docket of the justice shows the filing of plaintiff's bill, but does not show the filing of any bill for defendant. The justice is required to note thereon the filing of the bill of either party; Gen. Stat., p. 815, § 188. No bill of defendant was demanded before the trial. No bill or memorandum was presented or used by defendant until after the plaintiff had finished his case. No bill was actually marked filed by the justice. During the examination by defendant's counsel of his witness a paper containing a statement of the matters claimed by defendant was produced and used by him. It was left on the table after the termination of the trial, was placed among the papers by the justice, and transmitted with them to the district court where it was filed by the clerk as "Defendant's bill of particulars," but afterward returned to counsel as having been so left, transmitted, and filed by mis-

take. These matters are disputed, and doubtful: Plaintiff claimed that after he had rested defendant offered his bill, and that plaintiff objected to its being filed as out of time, but that the justice overruled the objection and ordered it filed. Defendant insisted that he did not offer to file it; that the objection made was to the introduction of testimony because no bill had been filed, and that this objection was overruled, the justice holding that the defendant was not bound to file any bill unless the same had been required by plaintiff under § 71 of the justices act. Upon this point we think the preponderance of testimony was with the defendant, and that no application was in fact made to file the bill. Defendant insists that this statement was a mere private memorandum to assist counsel in trying the case; that it was not filed, was not offered, and was not intended for filing. While the matter is not perfectly clear, we are inclined to think that the testimony sustains this claim. Referring to the matter in dispute, and it appears that plaintiff's claim was $10 for rent of house and $10 for damage to stable. It would seem that defendant's claim was, that no damage had been done to stable; that a balance of rent of $20, including the $10 in plaintiff's bill, had been paid by agreement in building an outside cellar or root-house, and that defendant was entitled to recover of plaintiff $7 or $8 for the cost of building this cellar over and above the amount due for rent. It would seem also, though this is a matter not made clear by the testimony, that there was no dispute between the parties but that $10 of rent had been paid by the building of this cellar, and that the only matters in dispute were whether any damage had been done to the stable, and whether the $17 or $18 alleged cost of the cellar (over and above the rent conceded to have been paid) was applicable so far as was necessary to the rent not admitted to have been paid, and gave to defendant a claim against plaintiff for the excess. It is probably however unnecessary to determine the exact nature and extent of the controversy between the parties. Upon the whole case, we think there

is not enough to justify us in reversing the order of the district court, and the same will be affirmed.

All the Justices concurring.